

# NUMBER 13-13-00032-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF C.R.T.H., A CHILD

### On appeal from the County Court at Law No. 1
### of Calhoun County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

This is a termination of parental rights case involving both parents. *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2011). By one issue, appellant A.V. ("mother") challenges the sufficiency of the evidence to support the trial court's finding that her mental illness will render her unable to provide for the needs of her biological son, C.H., until his eighteenth birthday. By two issues, appellant J.A ("father") argues that the trial court's termination order must be reversed for the following reasons: (1) termination of his parental rights violates his right to equal protection under the law pursuant to the

Fourteenth Amendment; and (2) the evidence was insufficient to prove that his mental illness will render him unable to provide for the needs of his biological son, C.H., until his eighteenth birthday. For the reasons set forth below, we affirm.

## I. BACKGROUND

On August 5, 2011, the State of Texas, through its Department of Family and Protective Services ("the Department"), filed a petition to terminate the parental rights of father and mother to "C.H.," who was less than six months old at the time of the filing. Father and mother came to the Department's attention after the unexplained and unexpected death of the couple's other, slightly older child, "Crow." On August 4, 2011, Crow was discovered lifeless in his crib by father and mother in their rented home, which was warehouse or office space converted to a living space. Police investigated father and mother, but neither has been arrested or charged with any crime related to Crow's death. Crow was one and a half years old at the time of his death. The State suspects that Crow died from starvation, dehydration, or neglect of other vital needs, but the medical examiner listed the cause of death as "undetermined." Father and mother argue that the circumstances of Crow's death are consistent with that of infants who die as a direct result of sudden infant death syndrome.

The Department removed C.H., who was four to five months old, due to the circumstances involving Crow's death. The Department's special investigator, Brandon Avant, believed that C.H. was not being sufficiently cared for by father and mother. He described their home as being in disarray, with dirty dishes, piles of clothes, bottles, a soiled mattress, and a foul odor. C.H. was described as having a sour odor, with dirty fingernails and toenails. With regard to Crow's death, the Department's special

investigator reported that mother had a flat affect and was not crying or showing any emotion. Mother appeared to be in a state of shock, while father was crying and vomiting. Both parents had to be awakened several times while law enforcement and the Department were investigating Crow's death, which was a "huge concern for the Department." The Department was also concerned with the "poor condition" of C.H. and "that the home environment seemed inappropriate."

Both parents agreed to service plans. Father did not complete anger management counseling, allegedly because he was unable to pay the $50 enrollment fee. On appeal, father notes that he was indigent throughout this cause and was appointed counsel at trial and on appeal. Other than the failure to complete anger management classes, father states that he completed all the requirements of his service plan. On appeal, mother states that she completed all required classes for her service plan and visited C.H. when permitted by the Department. However, at the termination hearing, the Department offered testimony that mother had not successfully demonstrated parenting skills during her parent-child visits with C.H. and had not bonded with C.H.

At the termination hearing, the Department offered testimony from Wendy Orsak, a licensed professional counselor, that mother has been diagnosed with schizotypal personality disorder, a type of schizophrenia. Orsak testified that as a result of her mental condition, mother has very little ability to attach to other people and form strong bonds outside the immediate family. Orask voiced concern about mother's inability to bond with C.H. and other oddities in her behavior. Orask testified that she is not an

expert in the treatment of schizotypal personality disorder. Orask also testified that mother's personality disorder does not include violent behavior.

The Department also offered testimony from Orask that father suffers from mental illness, specifically, schizoaffective disorder. According to Orask, father also has "alternate personalities," which is "concerning" and a "serious mental-health issue." Orask testified that this condition is extremely rare and renders father "incapable of raising his children." Furthermore, according to Orask, father's mental-health issues "create safety issues for his children." Although Orask testified that father had a good attitude with his therapist and that he was making progress on his mental issues in therapy, Orask also explained that "schizophrenia doesn't go away" and "[t]here's no magic pill."

On December 28, 2012, the trial court entered an order terminating mother and father's parental rights. In its order, the trial court stated the following with respect to mother's parental rights:

> The Court finds by clear and convincing evidence that termination of the parent-child relationship between [mother] and . . . [C.H.] is in the child's best interest.
>
> Further, the Court finds by clear and convincing evidence that [mother] has:
>
>> knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child;
>>
>> engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child;
>>
>> failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the child who has been in the permanent or temporary

4

managing conservatorship of the Department . . . for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child;

The Court finds that [mother] has a mental or emotional illness or a mental deficiency that renders the mother unable to provide for the physical, emotional, and mental needs of the child.

The Court finds by clear and convincing evidence that the illness or deficiency, in all reasonable probability, will continue to render the mother unable to provide for the child's needs until the 18th birthday of the child.

The Court finds that the Department has been the temporary or permanent managing conservator of the child for the six months preceding the date of the termination hearing . . . .

The Court finds that the Department made reasonable efforts to return the child to the mother.

In its order, the trial court made the same findings and conclusions with respect to father's parental rights. This appeal ensued.

## II. APPLICABLE LAW

Under Texas law, the parent-child relationship may be terminated upon a finding supported by clear and convincing evidence that the parent engaged in certain conduct specified in section 161.001 and termination is in the child's best interest. *In re C.H.*, 89 S.W.3d 17, 23 (Tex. 2002). Both elements must be established; termination may not be based solely on the best interest of the child as determined by the trier of fact. *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987).

Section 161.001 of the Texas Family Code provides that a court may terminate the parent-child relationship if it determines termination is in the child's best interest and the parent has done one of the following:

5

(D) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child;

(E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child;

. . .

(O) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child[.]

TEX. FAM. CODE ANN. § 161.001(1)(D), (E), (O) (West Supp. 2011).

Additionally, section 161.003(a) provides for termination as follows:

The court may order termination of the parent-child relationship in a suit filed by the Department of Protective and Regulatory Services if the court finds that:

(1) the parent has a mental or emotional illness or a mental deficiency that renders the parent unable to provide for the physical, emotional, and mental needs of the child;

(2) the illness or deficiency, in all reasonable probability, proved by clear and convincing evidence, will continue to render the parent unable to provide for the child's needs until the 18th birthday of the child;

(3) the department has been the temporary or sole managing conservator of the child of the parent for at least six months preceding the date of the hearing on the termination held in accordance with Subsection (c);

(4) the department has made reasonable efforts to return the child to the parent; and

(5) the termination is in the best interest of the child.

Id. § 161.003(a) (West 2008).

### III. STANDARD OF REVIEW

The Texas Supreme Court outlined the procedure for conducting a legal sufficiency review of parental-rights termination cases as follows:

> In a legal sufficiency review, a court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. To give appropriate deference to the factfinder's conclusions and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible. This does not mean that a court must disregard all evidence that does not support the finding. Disregarding undisputed facts that do not support the finding could skew the analysis of whether there is clear and convincing evidence.
>
> If, after conducting its legal sufficiency review of the record evidence, a court determines that no reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true, then that court must conclude that the evidence is legally insufficient. Rendition of judgment in favor of the parent would generally be required if there is legally insufficient evidence.

*In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002) (citations omitted); *see also In re J.L.*, 163 S.W.3d 79, 85 (Tex. 2005) (stating that the reviewing court must "look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true").

In a factual sufficiency review, "[w]e must determine whether, on the entire record, a fact-finder could reasonably form a firm conviction or belief that the parent violated a provision of section 161.001(1) and that the termination of the parent's parental rights would be in the best interest of the child." *In re M.C.T.*, 250 S.W.3d 161,

7

168 (Tex. App.—Fort Worth 2008, no pet.) (citing *In re C.H.*, 89 S.W.3d at 28). Under this standard, we must consider:

> [W]hether the disputed evidence is such that a reasonable factfinder could not have resolved the disputed evidence in favor of its finding. If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient.

*In re J.F.C.*, 96 S.W.3d at 266 (citations omitted). An appellate court's review must not be so rigorous that the only findings that could withstand review are those established beyond a reasonable doubt. *See In re C.H.*, 89 S.W.3d at 26.

### IV. MOTHER'S APPEAL

In one issue, mother argues that the evidence is insufficient to support the trial court's finding that her mental illness will render her unable to provide for C.H.'s needs until his eighteenth birthday. *See* TEX. FAM. CODE ANN. § 161.003(a). Mother's sufficiency challenge relates to involuntary termination under section 161.003(a). *See id.* However, as noted above, the trial court also made three predicate findings under section 161.001(1). *See id.* § 161.001(1)(D), (E) & (O). The trial court also found that termination was in C.H.'s best interest. *See id.* § 161.001(2). On appeal, mother has not challenged the three predicate findings or the best interest finding. Therefore, mother has waived any complaint about the sufficiency of the evidence to support these findings. *See Toliver v. Tex. Dep't of Family & Protective Servs.*, 217 S.W.3d 85, 102 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding that parent who challenged only one of four statutory grounds found by trial court to support termination "waive[d] any complaint about the sufficiency of the evidence to support the[ unchallenged] findings").

8

"Only one predicate finding under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest." *In re E.A.G.*, 373 S.W.3d 129, 141 (Tex. App.—San Antonio 2012, pet. denied). "Therefore, to mount a successful challenge on appeal based on evidentiary insufficiency, a party must challenge each affirmative finding of a predicate ground for termination or at minimum challenge the best interest finding." *In the Interest of S.N.*, 272 S.W.3d 45, 49 (Tex. App.—Waco 2008, no pet.). In this case, because the trial court found that termination was in the best interest of the child, any of the three unchallenged predicate findings will support the order of termination. *See In re E.A.G.*, 373 S.W.3d at 141. Accordingly, we overrule mother's sole issue on appeal. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003) ("[B]ecause Puig does not challenge the sufficiency of the evidence supporting subsection Q or the finding that termination was in his children's best interest, we need not reach any other issues raised by Puig."); *Perez v. Tex. Dep't of Protective & Regulatory Servs.*, 148 S.W.3d 427, 434 (Tex. App.—El Paso 2004, no pet.) ("Because any of the three unchallenged findings will support the order of termination, it is unnecessary to review Saenz's factual sufficiency arguments.").

## V. FATHER'S APPEAL

In two issues, father argues that the termination order must be reversed for the following reasons: (1) termination of his parental rights violates his right under the Fourteenth Amendment; and (2) the evidence was insufficient to prove that his mental illness will render him unable to provide for his son's needs until his eighteenth birthday. We will address each issue in turn.

## A. Equal Protection

In his first issue, father argues that the trial court violated his Fourteenth Amendment right to equal protection under the law by terminating his parental rights to C.H. based on his inability to pay the $50 registration fee for the anger management classes he was required to attend as part of the Department's service plan. This relates to the trial court's predicate finding under subsection (O) of Texas Family Code Section 161.001(1). *See* TEX. FAM. CODE ANN. § 161.001(1)(O). However, as set forth above, the trial court also made two other predicate findings under subsections (D) and (E) of Texas Family Code Section 161.001(1). *See id.* § 161.001(1)(D), (E). In addition, the trial court found that termination of father's parental rights was in the best interest of the child. *See id.* § 161.001(2). Furthermore, "[o]nly one predicate finding under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest." *In re E.A.G.*, 373 S.W.3d at 141. Father has not challenged the sufficiency of the evidence to support the two predicate findings under subsections (D) and (E) or the trial court's finding that termination of father's parental rights was in C.H.'s best interest. *See* TEX. FAM. CODE ANN. § 161.001(1)(D)–(E), (2). Therefore, father has waived any complaint about the sufficiency of the evidence to support these findings. *See Toliver*, 217 S.W.3d at 102. Furthermore, because the trial court found that termination was in the best interest of the child, either of these two unchallenged predicate findings will support the order of termination. *See Perez*, 148 S.W.3d at 434. Therefore, even assuming father established error with respect to the trial court's predicate finding under subsection (O), the error is not reversible because it did not "probably cause[] the rendition of an

improper judgment" or "probably prevent[ father] from properly presenting the case to the court of appeals." TEX. R. APP. P. 44.1(a). Accordingly, father's first issue is overruled.

## B. Sufficiency of the Evidence

In his second point, father argues that the evidence is insufficient to support the trial court's finding that his mental illness will render him unable to provide for C.H.'s needs until his eighteenth birthday. Father's sufficiency challenge relates to involuntary termination under section 161.003(a). *See* TEX. FAM. CODE ANN. § 161.003(a). As set forth above, the trial court also made two other predicate findings under subsections (D) and (E) of Texas Family Code Section 161.001(1). *See id.* § 161.001(1)(D), (E). Father has not challenged the sufficiency of the evidence to support the two predicate findings under subsections (D) and (E) or the trial court's finding that termination of father's parental rights was in C.H.'s best interest. Therefore, father has waived any complaint about the sufficiency of the evidence to support these findings. See *Toliver*, 217 S.W.3d at 102. Furthermore, either of the two unchallenged predicate findings will support the order of termination. *See Perez*, 148 S.W.3d at 434. Accordingly, we overrule father's second issue. *See In re A.V.*, 113 S.W.3d at 362; *Perez*, 148 S.W.3d at 434.

## VI. CONCLUSION

The order of the trial court is affirmed.

_____
NORA L. LONGORIA
Justice

Delivered and filed the
2nd day of May, 2013.

11